LEVALLEY, APPELLANT, *v.* GLASCO PLASTICS, INC., APPELLEE, ET AL.

[Cite as LeValley *v.* Glasco Plastics, Inc. (1985), 17 Ohio St. 3d 142.]

(No. 84-1047—Decided May 22, 1985.)

*Barkan & Neff Co., L.P.A., Paul R. Mancuso, Andreoff & Ricketts* and *Alexander Andreoff,* for appellant.

*Smith & West, Elbert Smith, Berry & Wilson* and *Thomas W. Wilson,* for appellee.

This cause on appeal from the court of appeals (case No. 1910) is reversed on authority of *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90.

CELEBREZZE, C.J., SWEENEY, C. BROWN and DOUGLAS, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I dissent upon the basis of my commentary in dissent within the cases of *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, 621-622 [23 O.O. 3d 504], *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 103-107, and *Bradfield* v. *Stop-N-Go Foods, Inc.* (1985), 17 Ohio St. 3d 58.

WRIGHT, J., dissenting. I agree completely with the dissenters in *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 102-107, that this result is directly at odds with the specific language of Section 35, Article II of the Ohio Constitution, which clearly provides:

"* * * [Workers'] compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law * * * shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease."

Although the majority opinion in *Jones* implies otherwise, the decision in *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O.3d 504], did not and indeed could not erase these dispositive words from the Ohio Constitution.

Accordingly, I must enter my vigorous dissent in this case.